UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MOUSA, | No. 2:14-cv-1474 WBS AC P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner has filed a "Notice of Motion to Voluntarily Dismiss Without Prejudice" this habeas corpus action filed pursuant to 28 U.S.C. § 2254, so that petitioner may "exhaust his administrative remedies." ECF No. 26. Review of the operative Second Amended Petition, ECF No. 14, and respondent's pending motion to dismiss, ECF No. 23, indicates that petitioner appears to be referencing the exhaustion of administrative remedies needed to pursue some of the procedural challenges to his 2012 parole hearing. See e.g. ECF No. 23-3 at 12-5 (Sept. 25, 2013 Orange County Superior Court decision) (citing In re Dexter, 25 Cal. 3d 921 (1979) (relied upon by California courts to indicate that a claim has not been reached on the merits because petitioner failed to exhaust his administrative remedies). Respondent moves to dismiss this action on the grounds that the claims are untimely, unexhausted and/or procedurally defaulted, and are not cognizable on federal habeas corpus. ECF No. 23 at 1.

Petitioner is informed that, in cases filed under Section 2254, "exhaustion" generally refers to the exhaustion of available state remedies prior to commencing a federal action. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the state's highest court with a full and fair opportunity to consider all the claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971), Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The attachments to the motion to dismiss indicate that petitioner has pursued some of his claims through the state courts which, if they were considered on the merits, may render the claims cognizable in this court. Petitioner must make the assessment whether any of his claims were assessed on the merits and thereby exhausted in the state courts, or whether the state courts failed to reach the substance of plaintiff's claims due to some procedural impediment, e.g., failure to exhaust administrative remedies. Due to petitioner's possible confusion concerning the requirement that he exhaust his claims before coming to this court, he will be given an opportunity to reassess his request before obtaining dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall, within 21 days after the filing date of this order, file and serve one of the following:

   a. A statement confirming petitioner's request for voluntary dismissal of this action; OR

   b. An opposition to respondent's motion to dismiss filed January 16, 2015.

2. Failure to timely respond to this order will be construed as confirmation of petitioner's request to voluntarily dismiss this action without prejudice.

DATED; March 24, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2